NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| CHARLES EARL ALFORD, | : |
| | :    CIV. NO. 23-20440 (RMB-EAP) |
| Plaintiff | : |
| | : |
| v. | :    **OPINION** |
| | : |
| SAMUEL J. PLUMERI, et al., | : |
| | : |
| Defendants | : |

**RENÉE MARIE BUMB, Chief United States District Judge**

This matter comes before the Court upon the amended civil rights complaint under 42 U.S.C. § 1983 by *Pro Se* Plaintiff Charles Earl Alford. Am. Compl., Dkt. 11. On June 11, 2024, the Court granted Plaintiff's IFP application under 28 U.S.C. § 1915(a), and dismissed his original complaint upon screening under 28 U.S.C. § 1915(e)(2)(b). Opinion and Order, Dkt. 9, 10. The amended complaint is subject to screening under §1915(e)(2)(B) for *sua sponte* dismissal of claims for frivolousness, immunity or failure to state a claim upon which relief may be granted. A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting

*Twombly*, 550 U.S. at 556.)

## II.   DISCUSSION

### A.   The Amended Complaint

Plaintiff's amended complaint arises out of his arrest on April 18, 2022, in Pennsauken Township, New Jersey for firearm and controlled dangerous substance ("CDS") offenses, and subsequent denial of his parole application on July 7, 2023. Am. Compl., Dkt. 11.   Plaintiff brings his civil rights claims under 42 U.S.C. § 1983 against the following defendants:   Patrolman Anthony Rodriguez, Patrolman Lexuus Matos, City of Pennsauken, Chief of Police Phil Olivo,[1] Robert Goodale, Jim Jefferson, Sergeant Kevin Keys, and New Jersey Parole Board.

Plaintiff alleges Yvette Thomas reported an "incident" to police, and Patrolmen Rodriguez and Matos mistakenly identified Plaintiff as the person involved in the incident.   Thomas, however, told Rodriguez and Matos that Plaintiff was not the person who fled from police with a backpack containing a firearm and

---

[1] Although Chief of Police Phil Olivo is a named defendant in the caption of the amended complaint, Plaintiff does not allege any facts regarding Olivo in the body of the complaint.   Assuming Plaintiff intended to sue Olivo in his supervisory capacity for the alleged false arrest and imprisonment by Rodriguez and Matos, Plaintiff failed to allege any facts to establish his knowledge of and acquiescence in their conduct or that a Olivo had a specific policy, practice or custom that was the moving force behind Plaintiff's false arrest and imprisonment.   *See Santiago v. Warminster*, 629 F.3d 121, 129 n. 5 (3d Cir. 2010) (describing two avenues of supervisory liability under § 1983). Therefore, the § 1983 claims against Olivo will be dismissed without prejudice.

3

drugs. Nonetheless, Rodriguez and Matos arrested Plaintiff in Pennsauken, New Jersey; they misrepresented facts about having body camera footage of Plaintiff running with a backpack; and they fabricated an arrest property form to falsely attribute ownership of the contraband to Plaintiff.

Plaintiff seeks to hold the City of Pennsauken liable for his false arrest and false imprisonment under § 1983, alleging the police department had a policy or custom of unlawful arrests and fabrication of evidence, which was the moving force behind his false arrest with use of fabricated evidence by Rodriguez and Matos.

Furthermore, Plaintiff alleges New Jersey Parole Board Member Robert Goodale retaliated against him for filing a lawsuit by denying his parole application on July 7, 2023. Plaintiff had an active lawsuit against the New Jersey Parole Board at the time of his parole hearing, and Robert Goodale asked Plaintiff "Are you the one that's suing the Parole Board?" Plaintiff alleges a similar claim against New Jersey Parole Board Member Jim Jefferson, who allegedly said to Plaintiff before the parole hearing, "Good luck on winning your lawsuit against the Board."

Finally, Plaintiff seeks the following declaratory judgment against his parole officer, Sergeant Kevin Keys:

- The policies and practices of the New Jersey Division of Parole, which allow the issuance of parole warrants based solely on an officer's arrest, violate the Fourth Amendment rights of parolees.

- The parole warrant issued by Sergeant Kevin Keys, based on the arrest report

4

by Patrolman Rodriguez, violated Plaintiff's Fourth Amendment rights due to the lack of probable cause.

Plaintiff also seeks declaratory judgment and injunctive relief against the New Jersey State Parole Board as follows:

- Declare that the imposition of parole conditions 11, 12, and 13 by the New Jersey State Parole Board violates the Plaintiff's due process rights under the Fourteenth Amendment.

- Enjoin the New Jersey State Parole Board from imposing or enforcing conditions that effectively treat criminal statutes as parole conditions without affording the Plaintiff the constitutional protections associated with criminal proceedings.

The Court takes judicial notice under Federal Rule of Evidence 201(b) that on or about March 30, 2023, in Civil Action 23-1821(RMB) (D.N.J.), Plaintiff filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, seeking habeas relief on the parole warrant at issue here.   Plaintiff voluntarily dismissed the case when he was released from his parole violation sentence on November 3, 2023. Plaintiff had not exhausted his state court appeals prior to bringing his habeas petition.   (Civ. Action 23-1821, Dkt. Nos. 1, 3, 4, 5.)

    **B.   Analysis of Claims**

        **1.   False Arrest, False Imprisonment and Substantive Due Process**

Plaintiff's Fourth Amendment false arrest and false imprisonment claims against Rodriguez and Matos may proceed.   Plaintiff's Fourteenth Amendment substantive due process claims against Rodriguez and Matos will be dismissed with

5

prejudice under the more specific provision rule. *See, e.g.*, *Tingey v. Gardner*, 827 F. App'x 195, 198 (3d Cir. 2020) (holding due process claim that could also be characterized as an Eighth Amendment claim was not cognizable because the more specific constitutional amendment governs a claim).

Plaintiff has failed to allege, in a non-conclusory fashion, that the City of Pennsauken's pattern or practice of unlawful arrests was the moving force behind Plaintiff's allegedly false arrest and imprisonment by Rodriguez and Matos. The false arrest and imprisonment claims against City of Pennsauken will be dismissed without prejudice.

### 2. First Amendment Retaliation

Plaintiff's First Amendment retaliation claims against Goodale and Jefferson, that they denied him parole because he had litigation pending against the New Jersey Parole Board, are barred because success on these claims would necessarily invalidate their decision to deny Plaintiff parole. Plaintiff does not allege the parole decision at issue terminated in Plaintiff's favor. Therefore, the First Amendment retaliation claims will be dismissed without prejudice. *See, e.g.*, *Ingram v. Schwab*, No. CV 22-1665, 2024 WL 4647630, at *3 (W.D. Pa. Nov. 1, 2024); *see also Brown v. Williams,* 644 F. App'x 117, 120 (3d Cir. 2016) (holding First Amendment retaliation claim was *Heck*-barred where "the connection between [the plaintiff's] § 1983 action alleging an unconstitutional denial of parole and his continued confinement . . .

6

would indeed spell immediate or speedier release[.]")

### 3.     Declaratory and Injunctive Relief

Plaintiff's § 1983 claims for declaratory and injunctive relief, challenging the constitutionality of his parole conditions and parole revocation are barred by *Heck v. Humphrey*[2] because success on his claims would render his parole revocation invalid. This *Heck*-bar applies although habeas relief is no longer available after Plaintiff was released from his parole revocation sentence on November 3, 2023. *See, e.g., Getz v. Bd. of Parole*, No. 23-3014, 2024 WL 3042385, at *2 (3d Cir. June 18, 2024) (citing *Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006); *See Connolly v. Arroyo*, 293 F. App'x 175, 177 (3d Cir. 2008) ("the alleged improper denial of release on parole plainly implicates" the validity of continued confinement, and the plaintiff's release from confinement without reversal of the Parole Board's decisions did not constitute

---

[2] In *Heck*, the Supreme Court held:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed . . . expunged . . . declared invalid . . . or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

512 U.S. 477, 486–87 (1994).

7

a favorable termination of the parole issues). Moreover, even if Plaintiff's claims were not *Heck*-barred, "a declaratory judgment is available to define the legal rights of parties, not to adjudicate past conduct where there is no threat of continuing harm." *Taggart v. Saltz*, 855 F. App'x 812, 815 (3d Cir. 2021).

Insofar as Plaintiff seeks declaratory judgment precluding his future arrest and revocation of parole under the same circumstances and parole conditions present here, Plaintiff lacks standing. "[A] plaintiff has Article III standing if 'there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Khodara Env't, Inc. v. Blakey*, 376 F.3d 187, 193–94 (3d Cir. 2004) (quoting *St. Thomas–St. John Hotel & Tourism Ass'n v. Virgin Islands*, 218 F.3d 232, 240 (3d Cir. 2000)). Plaintiff fears he will be subjected to the same parole violator warrant procedures, emergency arrest without full board approval, and revocation of his parole for violating parole conditions 11 and 12. "The exception from the mootness doctrine for cases that are technically moot but capable of repetition, yet evading review is narrow and available 'only in exceptional circumstances." *Williams v. Sec'y Pennsylvania Dep't of Corr.*, 447 F. App'x 399, 404 (3d Cir. 2011) (cleaned up). For the exception to apply, the challenged action must be too short in duration to fully litigate, and there must be a reasonable expectation the plaintiff will be subject to the same action again. *Id.* Even if Plaintiff could meet the first requirement for the exception, he is unable to

8

meet the second requirement because there is no reasonable expectation he will be arrested for a crime, falsely or otherwise, leading to his future parole revocation. *See Spencer v. Kemna*, 523 U.S. 1, 18 (1998) (holding habeas petitioner failed to demonstrate a reasonable likelihood that he would once again be paroled and have that parole revoked); *see United States v. Williams*, 373 F. App'x 186, 187 (3d Cir. 2010) (holding release from confinement upon revocation of supervised release rendered appeal moot).

Finally, Plaintiff's claims for injunctive relief regarding the constitutionality of parole conditions are not cognizable. "Section 1983 is not the proper vehicle when the claim seeks core habeas corpus relief, i.e., where a state prisoner requests present or future release." *Williams v. Sec'y Pennsylvania Dep't of Corr.*, 447 F. App'x 399, 403 (3d Cir. 2011) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005) (cleaned up). If Plaintiff is arrested and found guilty of violating the same conditions of parole in the future, a habeas corpus action is the proper vehicle to challenge the constitutionality those conditions. Therefore, Plaintiff's claims for injunctive relief are dismissed.

An appropriate order follows.

DATE: **December 11, 2024**         s/Renée Marie Bumb
                                    Renée Marie Bumb
                                    Chief United States District Judge