<u>NOT FOR PUBLICATION</u>

ECF 40

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHARLES EARL ALFORD,

               Plaintiff,

    v.

SAMUEL J. PLUMERI, et al.,

               Defendants.

Civ. No 23-20440 (RMB) (EAP)

**OPINION**

**BUMB,** Chief District Judge.

      **THIS MATTER** comes before the Court on the Motion to Dismiss filed by Defendants Robert Goodale and Jim Jefferson ("Defendants") pursuant to Federal Rules of Civil Procedure 12(b)(6). (Motion to Dismiss Plaintiff's [Second Amended] Complaint ("Motion to Dismiss") Dkt. No. 40; Brief in Support of Motion to Dismiss by Defendants, Robert Goodale and Jim Jefferson ("Defs' Brief") Dkt. No. 40-1.) *Pro Se* Plaintiff Charles Earl Alford ("Plaintiff") filed Plaintiff's Opposition to the Attorney General's Motion to Dismiss (Goodale & Jefferson ("Pl's Opp. Br." Dkt. No. 46.) Defendants filed their Reply to Plaintiff's Opposition to Motion to Dismiss the Claims Against Defendants Robert Goodale and Jim Jefferson ("Reply Br." Dkt. No. 49.)

Defendants are New Jersey State Parole Board ("NJSPB") members who denied Plaintiff parole and seek dismissal of Plaintiff's First Amendment retaliation claims under 42 U.S.C. § 1983. (Defs' Br. at 11-15.) Plaintiff alleges the denial of parole was retaliation for prior litigation against the NJSB. (Opp. Br. at 4-6.)  In reply, Defendants submit that even if they were not entitled to absolute immunity, Plaintiff did not cure the deficiencies in his retaliation claims in his Second Amended Complaint by alleging Plaintiff's pending litigation was against the NJSPB rather than against Chairman Plumeri.  (Reply Br. at 9-11.)  Having considered the parties' submissions, the Court resolves the Motion to Dismiss without oral argument pursuant to Fed. R. Civ. P. 78(b); D.N.J. Loc. Civ. R. 78.1(b).  For the reasons set forth below, Defendants' Motion to Dismiss will be granted, and the First Amendment retaliation claims will be dismissed with prejudice.

## I.    BACKGROUND

Plaintiff initiated this action by filing a Complaint on or about September 18, 2023.  (Compl., Dkt. Nos. 1, 3, 5, 6.) The Complaint arises out of Plaintiff's alleged false arrest for firearm and controlled dangerous substance offenses on April 18, 2022, in Pennsauken Township, New Jersey. (*Id.*, Dkt. No. 1 at 3-6.) The allegedly false charges led to revocation of Plaintiff's parole on December 14, 2022, prior to the disposition of the criminal charges that caused his parole revocation.  (*Id.*) Then, on July 7, 2023, the New Jersey State Parole Board ("NJSPB") denied Plaintiff's parole application. (*Id.*; *see also* Dkt. No. 3 at 1; Dkt. No. 6 at 1-2.)

The Court *sua sponte* screened Plaintiff's Complaint for dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).  (Opinion and Order, June 10, 2024, Dkt. Nos. 9, 10.)  The Court dismissed the First Amendment retaliation claims under 42 U.S.C. § 1983 without prejudice, finding it was not plausible that Defendants denied Plaintiff's parole application in retaliation for Plaintiff suing NJSPB Chairman Plumeri in a habeas challenge to his parole violator warrant.  (Opinion, June 10, 2024, at 15-16.)

Plaintiff filed his Amended Complaint on or about July 3, 2024, and once again sued Defendants for First Amendment Retaliation under 42 U.S.C. § 1983.  (Am. Compl. at 3-5.)  Plaintiff alleged Goodale was aware of his pending lawsuit against NJSPB and, before his parole hearing, Goodale asked, "Are you the one that's suing the Parole Board?"  (*Id.* at 3.)  Goodale then denied parole, allegedly based on a false accusation that Plaintiff denied having pending criminal charges, which Plaintiff states were dismissed in June 2023. (*Id.*)  For his retaliation claim against Jefferson, Plaintiff alleged that Jefferson, just before Plaintiff's parole hearing, stated, "Good luck on winning your lawsuit against the Board[,]" and then he denied parole based on the same false accusations as Goodale.  (*Id.* at 4.)  The Court dismissed these claims without prejudice under *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), because success on the claims would necessarily invalidate Defendants' decision to deny Plaintiff parole. (Opinion, December 11, 2024, at 5-6, Dkt. No. 13; Order, December 11, 2024, Dkt. No. 14.)

Plaintiff filed a Second Amended Complaint on March 12, 2025. ("SAC" Dkt. No. 24.)  Plaintiff reasserted his First Amendment Retaliation claims against

3

Defendants in their individual and official capacities under 42 U.S.C. § 1983. (SAC at 2.) Plaintiff alleged that he succeeded on his habeas challenge to the denial of parole, and he was released on November 3, 2023. (SAC ¶ 23.) Plaintiff realleged that Goodale asked him before the parole hearing, "Are you the one that's suing the Parole Board?" (*Id.* ¶ 21.) Plaintiff did not reallege that Jefferson stated, "Good luck on winning your lawsuit against the Board," but that Jefferson was aware of Plaintiff's lawsuit. (SAC ¶¶ 25-28.)

Defendants seek dismissal of Plaintiff's claims against them for three reasons: (1) Defendants are immune from suit for damages in their official capacities; (2) Defendants are entitled to absolute immunity; and (3) Plaintiff fails to state a First Amendment retaliation claim. (Motion to Dismiss at 1.)

## II.    DISCUSSION

Dismissal for failure to state a claim is proper where the District Court construes the complaint in the light most favorable to the plaintiff, accepts all factual allegations as true, and determines the plaintiff "is not entitled to relief under any reasonable reading of the complaint." *Wisniewski v. Fisher*, 857 F.3d 152, 155–56 (3d Cir. 2017). "[F]or the defendants to succeed on a Rule 12(b)(6) dismissal based on absolute immunity … the defense must clearly appear on the face of the complaint." *Wilson v. Rackmill*, 878 F.2d 772, 776 (3d Cir. 1989) (citation modified).

To begin, the parties do not dispute that Defendants are immune from suit for damages under 42 U.S.C. § 1983 in their official capacities. (Defs' Brief at 5-6; Opp'n Brief at 2-4). Therefore, the official capacity claims are dismissed with prejudice.

4

Plaintiff opposes Defendants' assertion of absolute immunity in their roles as parole adjudicators. (Opp'n Brief at 2-3.) He contends immunity may not be determined at the pleading stage because denying parole in retaliation for filing a lawsuit is not an adjudicatory act, therefore, the Court may not resolve the disputed fact of retaliation at the motion to dismiss stage. (*Id.* at 4.) In reply, Defendants assert the Third Circuit, in *Keller v. PA Bd. of Prob. & Parole*, 240 F. App'x 477, 480. (3d Cir. 2007) (per curiam), determined that parole board members are entitled to absolute immunity in determining whether to grant parole, a defense present on the face of the [Second Amended] Complaint (Reply Br. at 6-7.)

The facts in *Keller* are similar to those alleged by Plaintiff, a parole board member allegedly denied Keller parole in retaliation for, among other things, threatening to sue the Parole Board. *Id.* The Third Circuit noted it had previously "recognized that parole officers are entitled to absolute immunity when the challenged act arises from their 'adjudicatory duties' as distinguished from their executive, administrative, or investigative duties. *Id.* (citing *Wilson v. Rackmill*, 878 F.2d 772, 775 (3d Cir. 1989)). The Third Circuit found the defendant's actions of interviewing Keller for reparole and deciding whether he should be granted reparole were adjudicatory acts entitled to absolute immunity. *Id.* Here, Plaintiff's retaliation claim against Defendants is based entirely on their denial of his parole application, allegedly motivated by retaliation for his lawsuit against the Parole Board. (SAC ¶¶ 19-28.) Goodale's alleged prehearing comment about Plaintiff's litigation over his parole revocation and Jefferson's alleged knowledge of the lawsuit in no way suggest that

5

Defendants were performing executive, administrative or investigative duties in determining Plaintiff's parole request.

Defendants also distinguish the cases cited by Plaintiff. Plaintiff contends qualified not absolute immunity applies to administrative, executive or investigative acts by NJSPB, which includes Defendants interrogating him about his lawsuit, applying false factors to the denial of parole, thereby extending his confinement. (Opp. Br. at 4.) Defendants distinguish the facts in *Cleavengir v. Saxner*, 474 U.S. 193, 203-206 (1985), where the Supreme Court held that members of a prison disciplinary committee were not protected by absolute immunity in their adjudicatory roles of hearing evidence, evaluating credibility and determining whether to sustain a disciplinary charge. (Defs' Br. at 4.) Defendants submit that *Cleavengir* does not apply to parole board adjudications because the Supreme Court's holding was based on the lack of professional hearing officers and procedural safeguards in prison disciplinary hearings, and the Court explicitly distinguished the facts from parole board members who serve "essentially as an arm of the sentencing judge." (*Id.* quoting *Cleavengir*, 474 U.S. at 204.) The Court agrees that *Cleavingir* does not support Plaintiff's argument.

Defendants also distinguish *Harper v. Jeffries*, 808 F.2d 281, 284 (3d Cir. 1986), where the Third Circuit held that absolute immunity did not apply to a parole officer who allegedly fabricated and charged parole violations, finding it was executive rather than judicial activity, yet absolute immunity applied to the parole examiner who heard the evidence and made a recommendation to the parole board. (Defs' Br. at 5.) Plaintiff argues his case is like *Harper* because he alleges Defendants were not acting

6

in a judicial capacity when they (1) interrogated him about his protected lawsuit, (2) knowingly applied inapplicable/false factors, and (3) leveraged those manipulated factors to extend confinement. (Opp. Br. at 4.) Even assuming Goodale's alleged pre-hearing comment and Jefferson's knowledge of Plaintiff's litigation against the Parole Board or its Chairman support Plaintiff's retaliation claim, on the face of the SAC, the claim is based on Defendants' adjudication of his parole request, which is an act entitled to absolute immunity. "[A]bsolute immunity attaches to those who perform functions integral to the judicial process" because it is necessary to allow them to perform their functions "without harassment or intimidation." *Williams v. Consovoy*, 453 F.3d 173, 178 (3d Cir. 2006) (citation modified). This is such a case where absolute immunity applies to protect the process of adjudication.

Moreover, Plaintiff fails to state a retaliation claim in the SAC. As this Court has twice held in screening the original and Amended Complaint, it is implausible that Defendants denied Plaintiff parole because he filed a habeas petition challenging his parole revocation. Such habeas challenges are an ordinary occurrence, and it is implausible to infer Defendants denied parole because Plaintiff exercised his right to challenge his parole revocation. *See*, *e.g.*, *Alford v. Pressley*, No. 2:24-CV-34, 2025 WL 1688047, at *8 (S.D. Ohio Apr. 7, 2025), *report and recommendation adopted*, No. 24-CV-00034, 2025 WL 2725980 (S.D. Ohio Sept. 25, 2025), *appeal dismissed*, No. 25-3815, 2025 WL 4041838 (6th Cir. Nov. 20, 2025) (finding "no indication that the general discussion of" the Plaintiff's litigation against the Parole Board "prompted the defendants to act with a retaliatory motive.")

## III.    CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss is granted and the First Amendment retaliation claims under 42 U.S.C. § 1983 are dismissed with prejudice.

DATE:  **April 20, 2026**

s/Renée Marie Bumb
Renée Marie Bumb
Chief United States District Judge