<u>**NOT FOR PUBLICATION**</u>

ECF 42

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| CHARLES EARL ALFORD,<br><br>        Plaintiff,<br><br>        v.<br><br>SAMUEL J. PLUMERI, et al.,<br><br>        Defendants. | Civ. No 23-20440 (RMB) (EAP)<br><br>**OPINION** |

**BUMB,** Chief District Judge.

**THIS MATTER** comes before the Court on a Motion to Dismiss filed by Defendants Township of Pennsauken (the "Township"), Anthony Rodriguez ("Rodriguez"), and Lexuus Matos ("Matos"), (collectively "Defendants") pursuant to Federal Rules of Civil Procedure 12(b)(5) and (6), seeking dismissal of Plaintiff's Second Amended Complaint. ("Motion to Dismiss" Dkt. No. 42; "Defs' Brief" Dkt. No. 42-2.) *Pro Se* Plaintiff Charles Earl Alford ("Plaintiff") filed a brief in opposition to the Motion to Dismiss. ("Opp. Br." Dkt. No. 45.) Defendants filed a reply. ("Reply Br." Dkt. No. 47.) Having considered the parties' submissions, the Court resolves the Motion to Dismiss without oral argument. *See* Fed. R. Civ. P. 78(b); D.N.J. Loc. Civ. R. 78.1(b). For the reasons set forth below, Defendants' Motion to Dismiss is granted, and the SAC is dismissed without prejudice.

I.      BACKGROUND

Plaintiff, acting *pro se*, initiated this action by filing a complaint against Defendants on September 18, 2023, alleging City of Pennsauken's (the "Township")[1] failure to train its police officers caused Rodriguez and Matos to violate Plaintiff's Fourth and Fourteenth Amendment rights by falsely arresting and framing Plaintiff. (Compl., Dkt. No. 1.) On January 30, 2024, the Court administratively terminated the Complaint based on filing deficiencies. (Order, Jan. 30, 2024, Dkt. No. 7.) Plaintiff corrected his filing deficiencies, and on June 11, 2024, the Court reopened this action and granted Plaintiff's application to proceed *in forma pauperis* under 28 U.S.C. § 1915. (Order, June 11, 2024, Dkt. No. 10.) However, pursuant to the screening provision in 28 U.S.C. § 1915(e)(2)(B), the Court dismissed the Complaint without prejudice for failure to state a claim upon which relief could be granted, and granted Plaintiff leave to file an amended complaint. (Opinion, June 11, 2024, Dkt. No. 9; Order, June 11, 2024, Dkt. No. 10.)

Plaintiff filed an Amended Complaint against Defendants on July 3, 2024. (Am. Compl., Dkt. No. 11.)  On December 11, 2024, the Court screened the Amended Complaint for dismissal and determined that the Fourth Amendment false arrest and false imprisonment claims under 42 U.S.C. § 1983 against Rodriguez and Matos could proceed. (Opinion, December 11, 2024, Dkt. No. 14.)  This triggered the 90-day period for service of the summons and Amended Complaint on Rodriguez and Matos

---

[1] Plaintiff sued "City of Pennsauken", but Defendants substituted the proper legal entity "Township of Pennsauken."  (Defs' Br. at 6.)

pursuant to Federal Rule of Civil Procedure 4(m), making the deadline for service March 11, 2025. The Court dismissed Plaintiff's claims against the Township without prejudice. (Order, December 11, 2024.) On the same day, the Court sent Plaintiff instructions to obtain service of process on Rodriguez and Matos by the United States Marshals Service. (Letter re: USM-285 form, Dkt. No. 15.) Plaintiff returned the necessary forms to the Court on December 23, 2024, and summonses were issued as to Rodriguez and Matos on December 27, 2024. (Summons Issued, Dkt. No. 18.) Summons was returned as executed on Rodriguez on January 28, 2025. (Summons Returned Executed, Dkt. No. 20.) On the same day, summons was returned as unexecuted on Matos. (Summons Returned Unexecuted, Dkt. No. 19.)

Plaintiff filed a motion for alternative service as to Matos on February 26, 2025. (Mot. for Alternative Service, Dkt. No. 21.) In the meantime, Plaintiff attempted to amend his claims, but on February 26, 2025, the Court dismissed his improper filing without prejudice to Plaintiff filing a Second Amended Complaint, which the Court instructed Plaintiff to serve on all Defendants. (Order, Feb. 26, 2025, Dkt. No. 22.) Plaintiff filed the Second Amended Complaint on March 12, 2025. (SAC, Dkt. No. 24.) On May 5, 2025, the Court sent Plaintiff forms to obtain service of process on Defendants by the United States Marshals Service. (Letter re: USM-285 form, Dkt. No. 25.) On July 7, 2025, summons was returned as executed on Rodriguez on July 3, 2025 (Summons Returned Executed, Dkt. No. 28), but summons was returned as unexecuted on Matos (Summons Returned Unexecuted, Dkt. No. 29.) On July 14, 2025, Plaintiff filed a motion for alternative service of process on Matos. ("Mot. for

3

Alternative Service" Dkt. No. 31.) The Court dismissed the motion as moot on August 14, 2025, (Order, Aug. 14, 2025, Dkt. No. 39) because counsel for Matos waived service on August 13, 2025. (Letter, Aug. 13, 2025, Dkt. No. 37.) The docket does not reflect any service of process attempted on the Township. The Court received a letter from Plaintiff on April 2, 2026, inquiring about his next steps because Defendants had not filed an answer to the Complaint. (Letter, Dkt. No. 51.) Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants filed motions to dismiss in lieu of an answer. *See* Fed. R. Civ. P. 12(b)(4) (describing effect of a motion on answer deadline).

## II.    LEGAL STANDARD

### A.    Summons and Service

"Within 90 days of filing a complaint, a plaintiff must serve both the complaint and a court-issued summons on all defendants." *Shi v. Forbes Health Found.*, No. 24-2277, 2025 WL 3553732, at *1 (3d Cir. Dec. 11, 2025); Fed. R. Civ. P. 4(m). However, when a *pro se* plaintiff applies to proceed *in forma pauperis*, the Court marks the complaint as received, but the complaint is not filed for purposes of the service deadline until the Court determines the IFP application, and if granted, screens the complaint for dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) and directs the Clerk to file the complaint to allow claims to proceed. *See* Local Civ. R. 5.1(f) (directing Clerk to mark papers received without a filing fee as received, rather than filed.)

Once a complaint is filed, "[i]t is blackletter law that [f]iling an amended complaint does not toll the Rule 4(m) service period for an original complaint." *Moore v. Walton*, 96 F.4th 616, 626–27 (3d Cir. 2024) (citation modified). "[A]dding a new

4

party through an amended complaint initiates a new ... timetable for service upon the added defendant." *Id.* (citation modified). Generally, "where the court orders service of an original complaint ... and sometime later orders service of an amended complaint[,] the service period specified by Fed. R. Civ. P. 15(c)(1)(C) "begins to run on the date service of the original complaint was ordered." *Id.* at 626 (citation modified). "[A]ny good cause extension to the service period for the Amended Complaint would not be included in Rule 15(c)(1)(C)'s notice period." *Id.* at 627. The Rule 4(m) service period necessarily ends when a complaint is dismissed. *Id.*

A party may assert the defense of insufficient service of process in a motion to dismiss under Fed. R. Civ. P. 12(b)(5), and the burden of proof falls on the party asserting the validity of service. *Grand Ent. Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993). When Rule 12(b)(5) is invoked, courts must apply a two-step test before dismissing a complaint for insufficient service of process: (1) determine whether good causes exists to extend time for service under Fed. R. Civ. P. 4(m); and (2) if good cause is present, extend time for service; and if good cause is not present, courts may use discretion to dismiss the complaint without prejudice or extend time for service. *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995). Good cause under Rule 4(m) requires "a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules." *MCI Telecommunications Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995) (citation modified). A *pro se* plaintiff's ignorance of the rules alone is not good cause to excuse timely service. *Sykes v. Blockbuster Video*, 205 Fed. App'x

961 (3d Cir. 2006) (per curiam). "Among the factors courts consider are: (1) the reasonableness of the efforts to effect service; (2) prejudice to the defendant; and (3) whether the plaintiff moved for an enlargement of time." *Shi v. Forbes Health Found.*, No. 24-2277, 2025 WL 3553732, at *2 (3d Cir. Dec. 11, 2025). "[T]he expiration of the statute of limitations does not require the court to extend the time for service, as the court has discretion to dismiss the case even if the refiling of the action is barred." *MCI Telecommunications Corp. v. Teleconcepts, Inc.*, 71 F.3d at 1098 (citation modified). In general, defendants are prejudiced where delay in service impairs their ability to defend on the merits. *Shi*, 2025 WL 3553732, at *2. However, "[a]n absence of prejudice alone is insufficient to support a finding of good cause." *Id.* Factors that typically weigh in favor of exercising discretion to extend time for service in absence of good cause include: (1) a litigant's *pro se status*; (2) the confusing nature of the service required in a particular case, and (3) a statute of limitations bar on refiling the complaint. *Veal v. United States*, 84 F. App'x 253, 256–57 (3d Cir. 2004).

### B.    Rule 12(b)(6) Motion to Dismiss

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has "facial plausibility" when the factual allegations create a reasonable inference that the defendant is liable for the misconduct alleged. *Id.* "Threadbare recitals of the elements of a cause of action, supported by

6

mere conclusory statements," and "bald assertions" or "legal conclusions" fail to state a claim. *Iqbal*, 556 U.S. at 678.

## III. DISCUSSION

### A. Insufficiency of Service

Defendants argue the Court should dismiss the SAC under Rule 12(b)(5) because Plaintiff initiated this action on September 18, 2023, did not attempt service on Rodriguez or Matos until December 2024, and service of the Amended Complaint was not accomplished until January 28, 2025. (Defs' Br. at 8.) Even if the Court looks to the timeline of the SAC, filed March 12, 2025, Defendants submit that Plaintiff did not timely serve Rodriguez by providing service on July 3, 2025, 113 days later. (*Id.*) Furthermore, there is no proof of service upon the Township in this matter. (*Id.*)

Plaintiff opposes dismissal under Rule 12(b)(5) because he contends the 90-day service clock runs from an amended complaint that adds or renames defendants, and in this case, the SAC was filed March 12, 2025. (*Id.* at 3.) Plaintiff maintains that the minor delay in service resulted from the logistics of obtaining service by a U.S. Marshal under 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3), which is grounds to extend the deadline. (*Id.*, citing *Urrutia v. Harrisburg Cty. Police Dep 't*, 91 F.3d 451, 453-56 (3d Cir. 1996)). Plaintiff contends that Defendants, who appeared and briefed dismissal on the merits, have not shown prejudice. (*Id.* at 4.) Therefore, he contends, the equitable remedy is to quash or extend service on Rodriguez and Matos. (*Id.*) Furthermore, Plaintiff argues that service may now be made on the Township with an extension of

time. (*Id.*) Defendants replied that the Second Amended Complaint must be dismissed under Rule 4(m) for untimely service. (Reply Br. at 2.)

The service at issue here is the summons and the Second Amended Complaint on Defendants Rodriguez, Matos and the Township. The Court implicitly extended the Rule 4(m) service period to begin upon Plaintiff's filing the SAC by granting leave to file the SAC and stating that the SAC "may then be served on all defendants" (Order, Feb. 26, 2025) and administratively terminating Plaintiff's motion for alternate service of the Amended Complaint on Matos (Order, Feb. 27, 2026). Plaintiff filed his SAC on March 12, 2025, therefore, the service deadline under Rule 4(m) was June 11, 2025.

As of this date, Plaintiff has not obtained service on the Township. Plaintiff asserts service on the Township at this time will not prejudice the Township because it is represented and has filed a Motion to Dismiss on the merits. This, however, is not good cause for failing to timely serve the Township because good cause requires more than an absence of prejudice on the defendant.[2] *Shi*, 2025 WL 3553732, at *2. Therefore, the Court turns to the second step of the Rule 12(b)(5) inquiry, which permits the Court to exercise its discretion to dismiss the SAC without prejudice or extend time for service. Based on Plaintiff's *pro se* status, lack of prejudice to the Township, and this Court's dismissal of the Second Amended Complaint without

---

[2] It appears that the Clerk did not issue summons for "City of Pennsauken" when Plaintiff filed the Second Amended Complaint. It is, nonetheless, Plaintiff's burden to prosecute his case by requesting that summons issue.

prejudice under Rule 12(b)(6), discussed below, the Court exercises its discretion to extend time for service of Plaintiff's Third Amended Complaint, if he chooses to file one, until 90 days from the date of filing the Third Amended Complaint.

Turning to the remaining Defendants, service was due on Rodriguez and Matos on June 11, 2025. Rodriguez was served on July 3, 2025, ("Summons Returned Executed") but summons was returned as unexecuted on Matos on the same day (Summons Returned Unexecuted.) Plaintiff responded by filing a motion for alternative service of process on Matos on July 14, 2025, soon after learning service could not be made with the address he provided. (Mot. for Alternative Service.) On August 13, 2025, counsel for Matos waived service. (Letter, Aug. 13, 2025.) Service was not within the 90-day period required under Rule 4(m), therefore, the first step is to determine whether there is good cause to *nunc pro tunc* extend time for service. Plaintiff contends that as a *pro se* litigant with IFP status, he is entitled to service by the United States Marshals Service, and the timing of service is not under his control.

It is the plaintiff's burden to have "the summons and complaint served within the time allowed by Rule 4(m)" and a *pro se* plaintiff's ignorance of the rules alone is not good cause to excuse timely service. *Sykes v. Blockbuster Video*, 205 Fed. App'x 961, 963 (3d Cir. 2006). Although the Court does not find good cause to excuse compliance with Rule 4(m), at the second step of the Rule 12(b)(5) inquiry, the Court will exercise its discretion to *nunc pro tunc* extend time for service based on Plaintiff's *pro se* status and, unlike his failure to act with respect to service on the Township, his diligence in responding by submitting completed USM-285 forms for Rodriguez and Matos once

the Clerk sent service instructions to Plaintiff on May 5, 2025. Therefore, service on Rodriguez is extended *nunc pro tunc* until July 3, 2025, and service on Matos is extended *nunc pro tunc* until August 13, 2025. *See, e.g.*, *Fletcher v. Gateway Grp. One*, No. 20CV3413, 2021 WL 2651254, at *5 (D.N.J. June 28, 2021) (extending time for service *nunc pro tunc* to the date service was made). Service is deemed complete on Rodriguez and waived by Matos, and the Court denies Rodriguez's and Matos's Rule 12(b)(5) motion to dismiss and turns to their Rule 12(b)(6) motion to dismiss.

### B. Failure to State a Claim

Rodriguez and Matos alternatively submit that the Court should dismiss the SAC under Rule 12(b)(6) because it fails to allege a plausible Fourth Amendment claim in violation of 42 U.S.C. § 1983. (Defs' Br. at 11-13.) Defendants maintain that Plaintiff has fewer expectations of privacy due to his status as a parolee. (*Id.* at 12.) Defendants also argue that allegations of filing a false report do not state a constitutional violation. (*Id.* at 13.)

Plaintiff opposes dismissal of the SAC under Rule 12(b)(6). (Opp. Br. at 4-5.) First, Plaintiff notes the Court allowed his false arrest/false imprisonment claims in his Amended Complaint to proceed past screening, which is indicative of pleading a sufficient factual basis for his claims. (*Id.* at 4.) Second, Plaintiff contends that officers may not ignore exculpatory evidence when assessing probable cause, and he has alleged the 9-1-1 complainant stated that Plaintiff was not the fleeing suspect with the backpack. (*Id.*) Third, Plaintiff submits that his proximity to the backpack containing unlawful drugs and a gun is insufficient to establish probable cause that he possessed

10

those items. (*Id.*) Fourth, Plaintiff argues that his status as a parolee is irrelevant to the question of probable cause to arrest for the offense charged. (*Id.* at 5.) Finally, Plaintiff contends he is not alleging a free-standing claim of a false police report, he is alleging a Fourth Amendment unconstitutional seizure based on lack of probable cause. (*Id.*)

In reply, Defendants argue Plaintiff's allegation that the 9-1-1 call was about another individual who fled with the backpack does not change the fact that the officers found the backpack containing drugs and a firearm "on the scene" with Plaintiff. (Reply Br. at 5-6.) Rodriguez and Matos contend they acted reasonably in responding to the 9-1-1 call in question. (*Id.* at 6.)

### 1.    Allegations in the SAC

Plaintiff alleges that on April 18, 2022, Rodriguez and Matos of the Pennsauken Police Department arrested him in Pennsauken Township, New Jersey without probable cause because an eyewitness told the officers that Plaintiff was not the individual in question. SAC ¶¶ 12, 13. Plaintiff further contends Rodriguez and Matos falsified reports, altered arrest documents and misrepresented evidence to justify arresting Plaintiff, and that he was unlawfully detained. *Id.* ¶¶ 14, 15. For the Township's liability based on Rodriguez's and Matos's alleged false arrest/false imprisonment, Plaintiff alleges the Township: (1) had a policy or custom of unlawful arrests without probable cause; (2) and a policy or custom of fabricating evidence; and (3) failed to train and supervise officers regarding constitutional rights; and (4) these policies were the moving force behind the violation of Plaintiff's Fourth Amendment rights.  SAC ¶¶ 16-18.

### 2. Elements of Fourth Amendment False Arrest/False Imprisonment Claim Under 42 U.S.C. § 1983

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Harvey v. Plains Twp. Police Dep't*, 421 F.3d 185, 189 (3d Cir. 2005) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)). The elements of a false arrest claim are: (1) there was an arrest; and (2) the arrest was made without probable cause. *Harvard v. Cesnalis*, 973 F.3d 190, 199 (3d Cir. 2020). The elements of a false imprisonment claim are that the plaintiff was detained, and his detention was unlawful, which requires probable cause analysis. *Id.* at 202.

A plaintiff must allege facts showing there was no probable cause for any crime at all. *Wexler v. Hawkins*, 24-2320, 2026 WL 1090195, at *3 (3d Cir. Apr. 22, 2026). To determine probable cause for an arrest, courts look at the elements that form the criminal offense and evaluate probable cause based on what was known to the defendant at the time of arrest. *See, e.g., id.* (examining probable cause for aggravated assault charge on review of post-trial motion for judgment as a matter of law). Officers are not required to correctly resolve conflicting evidence nor are their determinations of credibility required to be accurate retrospectively. *Id.* (citation modified). In assessing probable cause at the time of arrest, officers are required to consider only "obvious exculpatory evidence that casts a dark cloud on the reliability of other evidence suggesting guilt." *Id.* at 4 (quoting *Madero v. McGuinness*, 97 F.4th 516, 523

n.9 (7th Cir. 2024)). "[P]robable cause does not require officers to rule out a suspect's innocent explanation for suspicious facts." *Id.* (quoting *District of Columbia v. Wesby*, 483 U.S. 48, 61 (2018).

### 3. Elements of Municipal Liability for Fourth Amendment False Arrest/False Imprisonment Claim Under 42 U.S.C. § 1983

"A municipality cannot be held liable for the unconstitutional acts of its employees on a theory of respondeat superior[,]" but the municipality may be liable if its policy or custom violated the plaintiff's constitutional rights. *Thomas v. Cumberland Cnty.*, 749 F.3d 217, 222 (3d Cir. 2014). A plaintiff must plead facts indicating that the policy or custom was the "moving force behind the constitutional tort of one of its employees." *Id.* (citation modified). A "custom may be established by proving knowledge of, and acquiescence to, a practice." *Watson v. Abington Twp.*, 478 F.3d 144, 156 (3d Cir. 2007). Proximate cause of the constitutional injury may be alleged by facts indicating the municipality was aware of an uncorrected custom and the injury to the plaintiff "was reasonably probable by permitted continuation of the custom." *Id.* (citation modified). "Where the policy concerns a failure to train or supervise municipal employees, liability under section 1983 requires a showing that the failure amounts to deliberate indifference to the rights of persons with whom those employees will come into contact." *Id.* (citation modified). "Ordinarily, [a] pattern of similar constitutional violations by untrained employees is necessary to demonstrate deliberate indifference for purposes of failure to train." *Id.* at 223 (citation modified).

### 4.    Analysis

"If a plaintiff amends her complaint, the new pleading 'supersedes' the old one: The original pleading no longer performs any function in the case." *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 35 (2025) (citation modified). Both parties have discussed allegations made in superseded complaints. Those allegations are not considered in determining whether the SAC states a claim upon which relief may be granted. In the SAC, Plaintiff does not allege the circumstances surrounding his arrest, the crimes for which he was arrested or any subsequent charges that were filed; he alleges only that a witness said he was not the individual in question. These allegations are insufficient for the Court to determine whether Plaintiff has sufficiently alleged a false arrest/false imprisonment claim. Therefore, the Court will grant Rodriguez's and Matos's motion to dismiss on grounds of failure to state a claim under 42 U.S.C. § 1983. Dismissal is without prejudice.

Likewise, Plaintiff has not alleged sufficient facts to state a claim for municipal liability for false arrest/false imprisonment. First, Plaintiff fails to state a false arrest/false imprisonment claim in general. Second, Plaintiff's allegations that the Township has a policy or custom of fabricating evidence and making unlawful arrests without probable cause constitutes a "threadbare recital[] of the elements of a cause of action, supported by mere conclusory statements[.]" *Iqbal*, 556 U.S. at 678. Plaintiff has not alleged a pattern of prior incidents to support his conclusion that the Township has an uncorrected custom of arrests involving fabrication of evidence and lack of probable cause, nor has he alleged a pattern of similar constitutional violations by

untrained employees to establish deliberate indifference by the Township that its employees would violate Plaintiff's constitutional rights.  Therefore, Plaintiff fails to state a claim against the Township.

## IV.   CONCLUSION

Plaintiff fails to state a claim against Defendants in his SAC, and the Court will grant Defendants' Motion to Dismiss under Rule 12(b)(6) and dismiss the SAC without prejudice. To cure his failure to state a claim against the Township, Matos and Lexuus, Plaintiff may submit a Third Amended Complaint within 30 days of dismissal of the SAC. If the Third Amended Complaint fails to state a claim, the Court will dismiss it with prejudice.

An appropriate Order follows.


DATE:  **April 24, 2026**

s/Renée Marie Bumb
Renée Marie Bumb
Chief United States District Judge
